## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHERRON CONNELL, individually and on behalf of all similarly situated individuals,** | * | |
| | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | Case No. 11-443 |
| | * | |
| **CITIMORTGAGE, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

## COMPLAINT

**NOW COMES** Plaintiff, Sherron Connell, individually and on behalf of all similarly situated individuals, and as their Complaint against the Defendant Citimortgage, Inc., avers as follows:

## INTRODUCTION

Plaintiff brings this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226. Defendant failed to provide notice of the transfer of ownership interest in Plaintiff's mortgage loan as required by 15 U.S.C. § 1641(g).

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ( federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2.      Venue is proper here because the events giving rise to Plaintiff's cause of action occurred in this district.

## THE PARTIES

3.      Plaintiff is an adult resident of Mobile County, Alabama.

4.      Defendant Citimortgage, Inc. (hereinafter referred to as "Citi"), is a Delaware corporation doing business in the State of Alabama.

## FACTUAL ALLEGATIONS

5.      On June 13, 2008, Plaintiff executed a real estate mortgage with First Federal Bank, Inc. in the amount of $209,216.  Servicing of the loan was transferred to Citi.

6.      On July 12, 2010, ownership  interest in the Plaintiff's mortgage and note was assigned to Citi.  A written Assignment identifying Citi as the assignee was executed on July 12, 2010, and recorded in the probate office of Mobile County, Alabama on or about July 27, 2010. (See Assignment attached hereto as Exhibit "A")

7.      The mortgage loan at issue was secured by the Plaintiff's principal residence.

8.      The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> (g) **Notice of new creditor**
>> (1) **In general**
>> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>>
>> (A) the identity, address, telephone number of the new creditor;
>> (B) the date of transfer;
>> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>> (D) the location of the place where transfer of ownership of the debt is recorded; and
>> (E) any other relevant information regarding the new creditor.
>>
>> (2) **Definition**

2

As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

9.     Citi failed to provide to Plaintiff, and the class described below, disclosures required by TILA Section 1641(g).

## COUNT ONE

10.     Plaintiff realleges the allegations above as if fully set out herein.

11.     With respect to Plaintiff, Citi received by assignment a ownership interest in their mortgage and note.

12.     Citi is a "creditor" as that term is used in 15 U.S.C. § 1641(g).

13.     Said mortgage secures an interest in real estate which is used by Plaintiff as her principal dwelling.

14.     Upon receipt of that assignment Citi was required to notify Plaintiff in writing of such transfer, within 30 days, and make all the disclosures set out above.

15.     Citi failed to notify Plaintiff at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiff demands judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

## CLASS ALLEGATIONS

16.     Plaintiff realleges the allegations above as if fully set out herein.

17.     These claims are brought on behalf of all residential mortgage borrowers who:

A.     From a time period beginning one year prior to the date of the filing of this complaint to the present;

3

B.      Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and

C.      An interest in their mortgage loan was sold or otherwise transferred or assigned to Citi; and

D.      Did not receive all of the disclosures required by 15 U.S.C. § 1641(g)(1).

18.     The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business

19.     The scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant's books and records.

20.     The Class is so numerous as to make it impracticable to bring all members of the Class before the Court. Upon information and belief, the class includes thousands of members. In some instances, such persons may be unaware that claims exist on their behalf. To the extent that class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

21.     The representative Plaintiff's claims are typical of, if not identical to, the claims of the class.

22.     The representative Plaintiff will fairly and adequately represent the members of the class and has no interests which are antagonistic to the claims of the Class.

23.     The representative Plaintiff has retained counsel who are competent and experienced in consumer class action litigation, and have successfully represented consumers in numerous complex class actions.

24.     Counsel have agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

4

25.     Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of statutory damages is sought for the Class.

26.     There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.

27.     A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

28.     The substantive claims of the representative Plaintiff and the class are identical and will require evidentiary proof of the same kind and application of the same law.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable.

30.     The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiff for herself and on behalf of the class of borrowers described above, demand judgment against Defendant Citi and the following relief:

A)     An order certifying that this action may be maintained as a class action, as defined above, under Fed.R.Civ.R. 23(a) and 23(b)(3);

B)     An order appointing Plaintiff as representative of the class;

C)     An order appointing the undersigned counsel as class counsel pursuant to Fed.R.Civ.R. 23;

D)     An order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time;

E)      For violating TILA, an order and judgment finding that the Defendant is liable as a

matter of law to each member of the class for damages, costs and fees, as provided

pursuant to 15 U.S.C. § 1640(a);

G)      An award of reasonable attorney's fees as provided by law and statute;

H)      An award of costs and expenses incurred in this action; and

I)      An award for such other relief as the court may deem just and proper.


**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN**

KENNETH J. RIEMER
EARL P. UNDERWOOD, JR.
Attorneys for Plaintiff

**OF COUNSEL**
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990.5558 Telephone
(251) 990.0626 Facsimile
kjr@alaconsumerlaw.com
epunderwood@alalaw.com


**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Citi Mortgage, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

2010042249  Book-6681  Page-540
Total Number of Pages: 4

State of Alabama-Mobile County
I certify this instrument was filed on:
July 27, 2010 @   11:10:40 AM

S.R. FEE                   $2.00
RECORDING FEES            $11.00
TOTAL AMOUNT             $13.00

2010042249
Don Davis, Judge of Probate

CM #: 172949

STATE OF ALABAMA                    )

COUNTY OF MOBILE                    )

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (the "Assignor"), does hereby transfer, assign, set over and convey unto CITIMORTGAGE, INC. (the "Assignee"), its successors, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by BRIAN C. CONNELL AND SHERRON K. CONNELL, HUSBAND AND WIFE, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR FIRST FEDERAL BANK dated the 13th day of June, 2008, and filed for record in Book 6396, Page 1194, in the Probate Office of Mobile County, Alabama, covering property described in said Mortgage, together with the note and indebtedness secured by the Mortgage, and all interest of the undersigned in and to the property described in said Mortgage.

It is expressly understood and agreed that the within transfer and assignment of the said Mortgage is without warranty, representation or recourse of any kind whatsoever.

IN WITNESS WHEREOF, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. has caused this conveyance to be executed by Stephen G. Collins as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., pursuant to that certain Agreement for signing attached hereto as Exhibit A and fully incorporated herein. This Assignment executed on this the ___2___ day of _July_____, 2010.

MORTGAGE   ELECTRONIC   REGISTRATION SYSTEMS, INC.

By: _____
      Stephen G. Collins
      Assistant Secretary and Vice President of
      Mortgage Electronic Registration Systems, Inc.

STATE OF ALABAMA                    )

COUNTY OF JEFFERSON              )

I, David Charles Johnson, a Notary Public in and for said County in said State, hereby certify that Stephen G. Collins, whose name as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., a corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand this the _12_ day of _July_____, 2010.

_____
Notary Public

My Commission Expires: MY COMMISSION EXPIRES JUNE 16, 2014

This instrument prepared by:
Colleen McCullough
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham, AL. 35255





## AGREEMENT FOR SIGNING AUTHORITY

MERSCORP, INC. ("MERS") and its subsidiary, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CITIMORTGAGE INC. ("MEMBER") and SIROTE & PERMUTT, P.C. ("VENDOR") hereby agree as follows:

1.  The purpose of this agreement for signing authority (the "Agreement") is to define the rights and obligations of the parties when VENDOR performs certain duties, as described in the attached corporate resolution (the "Resolution"), relating to mortgage loans that are registered on the MERS® System and shown on the MERS® System to be serviced by MEMBER.

2.  MEMBER is a member of MERS, and has signed an agreement of membership that is incorporated herein by reference. MEMBER has entered into a separate contract with VENDOR to perform certain services for MEMBER. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust, respectively, and any other form of security instrument under applicable state law.

3.  The parties acknowledge that Mortgage Electronic Registration Systems, Inc. may be the mortgagee of record on MEMBER mortgages. Therefore, in order for VENDOR to perform its contractual duties to MEMBER, MERS by corporate resolution will grant shareholders of VENDOR the limited authority to act on behalf of MERS to perform certain duties. Such authority is set forth in the Resolution, which is made part of this Agreement.

4.  The parties agree that MEMBER will provide all necessary information and instructions to VENDOR to perform certain duties where Mortgage Electronic Registration Systems, Inc. acts as the mortgagee of record. All parties agree that MERS and Mortgage Electronic Registration Systems, Inc. are not responsible for the accuracy of any information provided by MEMBER to VENDOR, or any information entered into the MERS® System by or on behalf of MEMBER. Any problems regarding the information or instructions between MEMBER or VENDOR must be resolved between those two parties.

5.  MEMBER and VENDOR agree to indemnify and hold harmless MERS, Mortgage Electronic Registration Systems, Inc and any employee, director, officer, agent or affiliate of MERS or Mortgage Electronic Registration Systems, Inc. ("MERS Party") from and against any and all third-party claims, losses, penalties, fines, forfeitures, reasonable attorney fees and related costs, judgments, and any other costs, fees and expenses that result from the negligence, errors and omissions, breach of confidentiality or willful misconduct of VENDOR in performing certain duties where Mortgage Electronic Registration Systems, Inc. is the mortgagee of record.

6.  VENDOR shall maintain appropriate insurance coverage that shall include coverage for any negligence, errors and omissions or willful misconduct of all employees authorized to sign as officers of Mortgage Electronic Registration Systems, Inc.

7.  Upon termination of the contract between MEMBER and VENDOR, this agreement shall concurrently terminate and the corporate resolution shall be revoked at such time.

8.  This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia without regard to its choice of law provisions.

The parties have executed this Agreement intending to be bound as of the dates indicated below.

MERSCORP, INC.

By: _____

Title: _____Vice President_____

Dated: _____2/9/04_____

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

By: _____

Title: _____Secretary/Treasurer_____

Dated: _____2/9/04_____

CITIMORTGAGE, INC.

By: _____

Title: _Pamela D. Schmidt, Vice President_

Dated: _____

SIROTE & PERMUTT, P.C.

By: _____

Title: _____Shareholder_____

Dated: _____1-15-04_____

PAMELA SCHMIDT, VP
CitiMortgage, Inc./Default Mgmt.
1000 Technology Drive/MS 314
O'Fallon, MO 63304
636-261-7501
GEID 0000230625

DOCSBHM\1144165\1\                                    2

# MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

## CORPORATE RESOLUTION

Be it Resolved that any shareholder of SIROTE & PERMUTT, P.C. is hereby appointed as assistant secretary and vice president of Mortgage Electronic Registration Systems, Inc., and as such, are authorized to:

Assign the lien of any mortgage loan registered on the MERS® System that is shown to be registered to CITIMORTGAGE, INC. or its designee.

Release the lien of any mortgage loan registered on the MERS® System that is shown to be registered to CITIMORTGAGE, INC. or its designee.

Execute Transfer Deeds into the Department of Veteran's Affairs, the Department of Housing and Urban Development, Fannie Mae or Federal Home Loan Mortgage Corporation on any mortgaged property that has been foreclosed where Mortgage Electronic Registration Systems, Inc. is the record owner of the property and the foreclosed loan was registered on the MERS® System to CITIMORTGAGE, INC. or its designee.

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as the 9th day of February, which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

_____
Secretary

℘JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Sherron Connell, individually and on behalf of all similarly situated individuals

## DEFENDANTS
CitiMortgage, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kenneth J. Riemer of Underwood & Riemer, PC., 166 Government Street, Suite 100, Mobile AL 36602

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1641(g)
Brief description of cause:
Defendant violated the Truth in Lending Act

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE
08/04/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____