# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

SHERRON CONNELL, individually
and on behalf of all similarly situated
individuals,　　　　　　　　　　　　　　　:

　　Plaintiff,　　　　　　　　　　　　　　:

vs.　　　　　　　　　　　　　　　　　:　　CA 11-0443-C

CITIMORTGAGE, INC.,　　　　　　　　　:

　　Defendant.　　　　　　　　　　　　　:

## ORDER

The defendant has filed a "Motion to Reconsider Denial Without Prejudice of [It's] Second Unopposed Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Complaint" (Doc. 11). The Court **DENIES** the motion to extent it requests reconsideration of the previous order, but **GRANTS** the requested relief for the reasons set forth below. The defendant **SHALL** file a response to the complaint no later than **October 4, 2011**, and no further requests for extension will be considered absent a showing of exceptional circumstances.

### Background

On September 2, 2011, the Court granted the defendant's original motion for extension of time (Doc. 7), filed September 1, 2011, (*see* Doc. 8), finding that even though that motion did "not provide the Court with a particular reason why the defendant has not been able to complete its investigation into the plaintiff's claims," it should nonetheless be granted because it was unopposed; due to the class allegations in the

complaint, all parties would "benefit from a thoughtful initial response by the defendant"; and the timing of the motion indicated that this was "likely" not filed because "of mere inadvertence, forgetfulness, or procrastination" (*id.* at 2 (citation and internal quotation marks omitted).  The second motion (Doc. 9), filed September 15, 2011—which was substantively identical to the first motion—was denied without prejudice on September 16, 2011 (*see* Doc. 10) because, especially in light of the previous motion and order, that motion did not meet the minimal showing of good cause required by Rule 6(b)(1)(A) (*see id.* at 2).  As to that motion, the Court further noted that while it "appreciate[d] that delays are sometimes unavoidable, the motion [was] due to be [denied] because it simply [did] not explain what has caused the need for a second extension" (*id.* at 2).

Reconsideration Standard

A "motion to reconsider" may fall within the purview of both Rule 59(e) and Rule 60(b).  *Compare Penn. Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992) ("A motion for reconsideration of a final judgment will generally be construed as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment if the motion does not cite a specific federal rule."), *with Preserve Endangered Areas of Cobb's History (PEACH), Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) ("[T]he term 'motion for reconsideration,' as such, does not appear in the Federal Rules of Civil Procedure.  The title of [Rule] 60(b), under which a so-called motion for reconsideration may be brought, further attests to its extraordinary nature. . . .   [Rule 60(b)] is properly

2

invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship"), *judgment aff'd*, 87 F.3d 1242 (11th Cir. 1996) (internal quotation marks omitted). Regardless, under either rule, the standard for reconsideration is the same, and

> the decision to grant a motion for reconsideration is committed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. [*Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).] The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why a court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion for reconsideration should not be used to reiterate arguments previously made. *Burger King Corp.*, 181 F.Supp.2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Id.*

*Davidson v. Orange Lake Country Club, Inc.*, No. 6:06-cv-1674-Orl-19KRS, 2008 WL 596120, at *2 (M.D. Fla. Feb. 29, 2008); *cf. Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997) ("[A] motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.") (quoting *PEACH*, 916 F. Supp. at 1560).

Discussion

**A.    Reconsideration Denied.**

The defendant has not presented a reason for the Court to revisit its previous ruling by providing newly discovered evidence, identifying an intervening development

3

or change in controlling law, or indicating the need for the Court to correct a clear error of law or prevent a manifest injustice. Because the defendant simply wants a different ruling, the Court has no choice but to deny the motion to the extent it requests reconsideration. *Cf. Deerskin Trading Post*, 972 F. Supp. at 674.

B. **Extension of Time Nevertheless Provided.**

The Court's previous order stated, however, that the motion at issue was being denied without prejudice and encouraged the filing of an amended motion, providing:

> The defendant may, however, file an amended motion that sufficiently shows that the defendant has diligently investigated the plaintiff's claims and its failure to complete such an investigation and prepare a response to the complaint is not due to inadvertence or procrastination.

(Doc. 10 at 2.)

The motion for reconsideration provides the Court with some insight into why additional time is being requested by indicating that the defendant intends to file a substantive motion to dismiss the plaintiff's complaint, which presents an issue of first impression in this circuit. (*See* Doc. 11, ¶¶ 1-2; *compare id.*, *with* Doc. 9 at 1 (providing only that the defendant "continues to investigate" the plaintiff's allegations, and as such, needs the requested additional time "to either respond . . . or move to dismiss," which is the same excuse the plaintiff provided in its original motion for extension of time, *see* Doc. 7 at 1.) As such, the Court finds that the defendant has made the showing required by the Court's previous order.

## Conclusion

For the reasons set forth above, the motion for reconsideration is **DENIED**, but

the Court nevertheless finds that the defendant has made the requisite showing for an additional extension of time within which to respond to the plaintiff's complaint. Accordingly, the defendant shall respond to the complaint no later than **October 4, 2011**. And, as provided above, no further requests for extension will be considered absent a showing of exceptional circumstances.

      **DONE and ORDERED** this the 20th day of September, 2011.

                                        s/WILLIAM E. CASSADY
                                        **UNITED STATES MAGISTRATE JUDGE**